IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Timothy Lupton,

    Plaintiff,

v.

Global Management Acquisition Firm, Inc., successor by merger to Hood & Thompson Associates, Inc.,

    Defendant.

Civil Action File No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq.

## PARTIES

1. Plaintiff, Timothy Lupton, is a natural person who resides in Morgan County, Georgia.

1

2. Defendant, Global Management Acquisition Firm, Inc., hereinafter "Global", is a Georgia corporation and may be served with process via its registered agent, Walter Hargrove, at 758 Simon Way, Lawrenceville, GA 30045.

3. Global is the successor by merger of and to Hood & Thompson Associates, Inc., a North Carolina corporation.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of credit card account and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Beginning in no later than August 2019, the Plaintiff began receiving collection calls from Hood & Thompson seeking collection of the debt originally owed to HSBC.

14. During the course of these conversations, he was informed that unless payment arrangements were made, he would be sued. Between August and October 9th, 2019, the Plaintiff made two payments of $25.00 each.

15. On October 17, 2019 Defendant caused to be sent to Plaintiff a letter informing him it was collecting the HSBC account in the amount of $827.04. this

was the first written communication Plaintiff received regarding the debt. A copy of Defendant's letter is filed herewith as Exhibit 1.

16. The amount demanded in Defendant's letter of October 17th (Defendant's letter), does not take into account the $50.00 Plaintiff paid in the prior weeks.

17. The amount demanded in Defendant's letter does not take into account the prior agreement to resolve the claim for a total of $400.00, $300.00 of which remained when the letter was sent.

18. At the time that Hood & Thompson threatened suit, it did not have authority to institute ligation against the Plaintiff, nor was it able to institute litigation in the state of Georgia.  These were false and misleading threats intended to intimidate the Plaintiff and were a violation of 15 U.S.C. § 1692e, e(5) and e(10).

## INJURIES-IN-FACT

19. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health,*

*Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

20. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

21. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." McCamis, at 4, citing Church, at 3.

22. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

23. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

24. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry caused by concern that they are being called upon to pay an improper claim

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

25.     Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

26.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

27.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

28.  The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

29.  Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

30.  A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

31.  During the course of his conversation with the Plaintiff, Defendant's agent made representations designed to lead Plaintiff to believe that he would be sued unless a repayment agreement was made. Defendant's agent gave the Plaintiff the impression that Defendant, as opposed to the holder of the debt, would make any decision regarding such litigation.

32. The statements and representations described above were objectively false and materially misleading. The Defendant does not have the authority or legal standing to bring litigation against the Plaintiff.

33. Defendant's threats of litigation violated 15 U.S.C. § 1692e, e(5) and e(10).

34. Defendants letter of October 17th misstated the amount owed at the time it was sent and violated 15 U.S.C. § 1692e, e(2)(A) and e(10).

### *Violations of 15 U.SC. § 1692g*

35. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…

*the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment*

*will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.* 15 U.S.C. § 1692g.

36. Defendant's initial communication failed to comply with 15 U.S.C. § 1692g in that it was not sent within the required time period.

37. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

38. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 31st day of December, 2019.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorneys*